


Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 6274 | DATE | MAY 2, 2002 |
| CASE TITLE | UNITED STATES OF AMERICA v. ABIODUN OSIGBADE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant is granted leave to file his "supplemental sur-reply to government's sur-response to section 2255 petition." Defendant's motion to vacate, set side, or correct sentence [1] and amended and supplemental motion [12] are denied. The Clerk of the Court is directed to enter judgment in favor of the government and against defendant denying his motions to vacate, set aside, or correct sentence.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 5 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 0 6 2002 date docketed | 22 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | AR docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | May 2, 2002 date mailed notice | |
| cw | courtroom deputy's initials | Date/time received in central Clerk's Office | mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 6 2002

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 00 C 6274 |
| ABIODUN OSIGBADE, ) | (97 CR 738) |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Following a jury trial, defendant Abiodun Osigbade was found guilty of one count of knowingly attempting to possess heroin with the intent to distribute it in violation of 21 U.S.C. § 846. Presently pending is defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct. The motion was filed pro se, but counsel was subsequently appointed to represent defendant. Counsel did not draft an amended § 2255 motion, but did draft defendant's surreply.[1]

The indictment in this case does not contain an allegation as to the quantity of heroin charged. On October 30, 1997, the heroin was discovered by Customs inspectors examining incoming international mail. They found the heroin in the false

---

[1] Recently, defendant also submitted a counsel-drafted "Supplemental Sur-Reply." Although leave to file it should have been requested, the court sua sponte grants leave to file it and it has been considered.

bottoms of cooking pans. Using a scale at an O'Hare Airport Customs facility, a Customs inspector measured the heroin at a gross weight of approximately 1041 grams, which included packaging. At the Drug Enforcement Agency ("DEA") laboratory, however, the gross weight was measured at approximately 1456 grams. After subtracting out the weight of the packaging, the net weight of the heroin itself was measured at 1198 grams. If the 1041-gram gross weight had been correct, the weight of the heroin itself would have been less than 1000 grams. At defendant's sentencing hearing, evidence was presented regarding the miscalibration of the scale at the O'Hare facility. Evidence was also presented as to the accuracy of the scale and procedures at the DEA laboratory. The sentencing judge[2] found that the DEA's measurement of 1198 grams was accurate.

Because the amount of heroin was one kilogram or larger, a statutory minimum sentence of 10 years' imprisonment applied and the maximum sentence was life imprisonment. See 21 U.S.C. § 841(b)(1)(A)(i). If the amount of heroin had been approximately 800 grams, the statutory minimum would have been five years' incarceration, with a 40-year maximum. See id. § 841(b)(1)(B)(i). The applicable sentencing guideline range was found to be 121 to 151 months' incarceration. At 800 grams of heroin, the applicable guideline range would have been 97 to 121 months' incarceration. Defendant was sentenced to 125 months'

---

[2]The case is presently assigned to a different judge.

incarceration to be followed by five years' supervised release, plus a $100.00 assessment. Defendant's conviction was affirmed on direct appeal. See United States v. Osigbade, 195 F.3d 900 (7th Cir. 1999).

Defendant contends the sentencing court's determination as to the quantity of heroin was in error. He also contends that trial counsel provided ineffective assistance by failing to adequately challenge the chain of custody of the heroin and the quantity. The same attorney represented defendant on direct appeal. It is also contended that counsel was ineffective for failing to raise the quantity issue on direct appeal. Additionally, defendant contends the indictment was deficient for failing to allege the quantity of heroin and that the quantity of heroin was an issue for the jury, not the judge. He also contends that the appropriate maximum for supervised release was three years. In the supplemental surreply, defendant contends for the first time that the indictment was deficient because it cited § 846, but did not specifically cite § 841(b)(1)(C).

To prevail on an ineffective assistance of counsel claim, defendant must show both that the performance of his attorney fell below an objective standard of reasonableness and that the deficient performance caused him prejudice. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Winters v. Miller, 274 F.3d 1161, 1167 (7th Cir. 2001); Montenegro v. United States, 248 F.3d 585, 590 (7th Cir. 2001); Anderson v. Sternes, 243 F.3d

- 3 -

1049, 1057 (7th Cir.), cert. denied, 122 S. Ct. 294 (2001). If one component cannot be satisfied, it is not necessary to reach the merits of the second component. See United States v. Pratt, 52 F.3d 671, 675 (7th Cir.), cert. denied, 516 U.S. 881 (1995). To satisfy the prejudice component, it must be shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. See also, Anderson, 243 F.3d at 1057. As to appellate representation, an attorney's performance is "insufficient when counsel omits a 'significant and obvious issue' without a legitimate strategic reason for doing so." Howard v. Gramley, 225 F.3d 784, 790 (7th Cir. 2000) (quoting Mason v. Hanks, 97 F.3d 887, 893 (7th Cir. 1996)). See also Winters, 274 F.3d at 1167. The prejudice component is satisfied if appellate counsel failed to raise an issue for which there is a reasonable probability that it would have resulted in reversal of the conviction or an order for a new trial or sentencing. See Winters, 274 F.3d at 1167; Mason, 97 F.3d at 893.

Relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), defendant contends the quantity of heroin was an essential element of his offense that had to be alleged in the indictment and decided by the jury, not the sentencing judge. Apprendi was decided on June 26, 2000, after defendant's conviction had become

final on direct appeal. It need not be decided whether a basis exists for defendant now raising his Apprendi contention for the first time nor need it be decided whether Apprendi applies retroactively on collateral review, see, e.g., Mills v. United States, 2002 WL 424635 (N.D. Ill. March 19, 2002), because defendant's Apprendi claim fails even when directly considered on its merits. See Walton v. United States, 184 F. Supp. 2d 773, 777 (N.D. Ill. 2002). Apprendi requires "that all facts (other than prior convictions) that set the maximum possible punishment under § 841(b) must be established beyond a reasonable doubt to the satisfaction of the body that determines culpability under § 841(a)." United States v. Brough, 243 F.3d 1078, 1079 (7th Cir.), cert. denied, 122 S. Ct. 203 (2001). Under § 841(b)(1)(C), however, Osigbade could have been sentenced to up to 20 years in prison no matter how small the quantity of heroin. See Brough, 243 F.3d at 1078-79. Since Osigbade's sentence was less than that 20-year maximum, the rule stated in Apprendi was not violated. United States v. Williams, 238 F.3d 871, 877 (7th Cir.), cert. denied, 532 U.S. 1073 (2001); Walton, 184 F. Supp. 2d at 777. Additionally, Apprendi does not apply to determining facts that establish sentencing guideline ranges below the statutory maximum. United States v. Nubuor, 274 F.3d 435, 444 (7th Cir. 2001); United States v. Smith, 241 F.3d 546, 548-49 (7th Cir.), cert. denied, 122 S. Ct. 267 (2001); United States v. Perez, 2002 WL 47154 *2 (N.D. Ill. Jan. 11, 2002). Apprendi also does not apply to determining statutory minimums.

Nubuor, 274 F.3d at 444; United States v. Sandoval, 241 F.3d 549, 551 (7th Cir.), cert. denied, 122 S. Ct. 649 (2001).

Defendant also contends his sentence was illegal because it includes a five-year period of supervised release. Even assuming this issue may properly be raised at this time, it is without merit. The court imposed the five-year minimum contained in § 841(b)(1)(A). Because it has a 20-year maximum term of incarceration, § 841(b)(1)(C) is a Class C felony. See 18 U.S.C. § 3559(a)(2). As to supervised release, § 841(b)(1)(C) contains a three-year minimum for persons with no prior felony drug convictions, but no specific maximum. "Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such term of imprisonment . . . ." 21 U.S.C. § 841(b)(1)(C). Relying on 18 U.S.C. § 3583(b)(2), defendant contends there is also a three-year maximum. "Except as otherwise provided, the authorized terms of supervised release are for a Class C or Class D felony, not more than three years." 18 U.S.C. § 3583(b)(2). If § 3583(b)(2) sets a three-year maximum for § 841(b)(1)(C), then imposition of a five-year term of supervised release may violate Apprendi because the jury did not find the drug quantity necessary for the imposition of the maximum contained in § 841(b)(1)(A).³ The problem with

---

³Section 841(b)(1)(A) sets a minimum of at least five years' supervisory release and does not contain an explicit maximum. It is a Class A felony and 28 U.S.C. § 3583(b)(1) sets a maximum of five years' supervised release for a Class A felony.

defendant's contention, however, is that § 3583(b)(2) is inapplicable to § 841(b)(1)(C) because § 841(b)(1)(C) "otherwise provide[s]" for a term of supervised release, that is "at least 3 years." United States v. Carrera, 259 F.3d 818, 832 (7th Cir. 2001); United States v. Shorty, 159 F.3d 312, 315 & n.6 (7th Cir. 1998), cert. denied, 526 U.S. 1147 (1999). Under § 841(b)(1)(C), defendant could have been sentenced to up to a life term of supervised release. The five-year term that was imposed was within the statutory maximum of the offense found by the jury. Since the sentence was within the statutory maximum, the application of § 841(b)(1)(A)'s statutory minimum of five years' supervised release cannot violate Apprendi. See Carrera, 259 F.3d at 832.

Defendant violated the attempt provision of § 846, which incorporates violations of other provisions of Title 21, including § 841(a). Even if the indictment should have specifically cited § 841(a), there would have been no ground for vacating defendant's conviction unless defendant was prejudiced because misled by the omission. Fed. R. Crim. P. 7(C)(3); United States v. Brumley, 217 F.3d 905, 913 (7th Cir. 2000). There is no allegation nor indication that defendant suffered any such prejudice. This contention does not state any basis for granting § 2255 relief.

---

Section 841(b)(1)(B) sets a minimum of at least four years' supervisory release and does not contain an explicit maximum. It is a Class B felony and 28 U.S.C. § 3583(b)(1) sets a maximum of five years' supervised release for a Class B felony.

Defendant's other contentions concern whether the sentencing court properly found that the amount of heroin he attempted to possess was one kilogram or greater. Since this issue could have been raised on direct appeal, defendant must show cause and prejudice for having failed to raise it on direct appeal. Therefore, he can only succeed on this claim if he can show counsel provided ineffective assistance, either at trial or on appeal. As to counsel's performance at trial, defendant speculates that the DEA agents added additional heroin to bring the net weight above one kilogram. There is no reasonable probability that defendant would succeed in making such a showing. He contends that a 400-plus gram or 40% discrepancy in weighing is unlikely to occur by operator error or miscalibration. Although there was evidence that the Customs scale had to be recalibrated, defendant argues it is highly suspicious that no one can remember whether it was reading high or low nor how much it was off. However, the sentencing judge's findings were based more on his finding that the DEA used proper and careful procedures than on the corroborative evidence of Customs' miscalibrated scale. More vigorous questioning by defense counsel would not have had a reasonable probability of affecting the sentencing court's finding. Nor would questioning as to whether the DEA agents were aware of the possible sentencing effects be likely to raise sufficient questions as to the DEA agents' motivations or credibility. Defendant's

ineffective assistance of trial counsel claim fails on the prejudice prong.

The ineffective assistance of appellate counsel claim also fails on the prejudice prong. There was more than adequate evidence in the record to support the sentencing court's finding that the DEA measurement was correct. There is no reasonable probability that a reviewing court would have held that the sentencing court's finding was clear error.

For the foregoing reasons, defendant's § 2255 motion fails to state any basis for granting relief. No hearing is necessary.

IT IS THEREFORE ORDERED that defendant is granted leave to file his "supplemental sur-reply to government's sur-response to section 2255 petition." Defendant's motions to vacate, set side, or correct sentence [1] and amended and supplemental motion [12] are denied. The Clerk of the Court is directed to enter judgment in favor of the government and against defendant denying his motions to vacate, set aside, or correct sentence.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: MAY 2, 2002